UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:93-CR-26-01-F1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSE ANGEL PEREZ | ) | |
| Defendant. | ) | |

Jose Angel Perez ("Perez") was the first-named of twelve defendants in a June 25, 1993 indictment alleging drug trafficking and firearms charges. Perez's court-appointed counsel filed a raft of pretrial motions as well as motions to reconsider the rulings rendered thereon. Perez was convicted after a trial by jury of Counts One and Five, conspiracy to possess with the intent to distribute marijuana and cocaine, and use of a firearms during a drug trafficking crime, respectively.[1] Perez, through counsel, objected to a number of matters contained in the Presentence Report, and the court entertained argument on sentencing. The court ultimately adopted the findings and guideline applications contained in the Presentence Report and imposed a sentence of life imprisonment plus 60 months. See Judgment [DE-64], entered on April 11, 1994.

Perez's conviction and sentence were affirmed on direct appeal, See United States v. Jacobs, et al., No, 9405055 (4th Cir. July 25, 1995) (UP). In 1996, the Judgment was

---

[1] Perez states in his motion that he entered a guilty plea to Counts One and Five, but the record reveals he went to trial on Counts One, Three and Five, and was convicted by a jury of Counts One and Five, while the Government dismissed Count Three.

amended to reflect a new offense level and imprisonment range, pursuant to the retroactive crack amendment, and 18 U.S.C. § 3582(c)(2), and USSG § 1B1.10. Perez's sentence, however, was not changed, and Perez filed an appeal. The Fourth Circuit Court of Appeals affirmed and denied his petition for rehearing and rehearing en banc.

On March 31, 1997, Perez moved the court to stay the limitation period for filing a motion pursuant to 28 U.S.C. § 2255, and the court accommodated him. See Order [DE-78]. On May 1, 1997, Perez filed his first § 2255 motion, but after briefing, the court allowed the Government's motion to dismiss or for summary judgment. See Order [DE-89]. Perez appealed but the appeal was dismissed by the Fourth Circuit Court of Appeals on July 30, 1998. See [DE-92]. Perez's attempt to file a § 2241 petition in California was dismissed and the matter transferred back to this court, where it was dismissed with leave for Perez to seek authorization in the Fourth Circuit to file a successive petition. See Order [DE-99], of January 19, 2001.

Perez responded with a Petition for Writ of Audita Querela [DE-100], which was denied, see Order [DE-101], then appealed, see Notice [DE-102]. Again, the Fourth Circuit Court of Appeals affirmed, see [DE-104], and judgment was entered on January 3, 2002 [DE-105].

In light of recent retroactive changes in the advisory sentencing guidelines, the Federal Public Defender re-examined this case to determine whether Perez is eligible for a further reduction in his sentence. The Public Defender was permitted to withdraw, however, without filing a motion. See Order of May 30, 2012 [DE-22] (CM/ECF

docket). Perez then filed this pro se Motion to Reduce Sentence Pursuant to Rule 60(b) and Action Under 18 U.S.C. § 3582(c)(2). See Motion [DE-23] (CM/ECF docket).

Perez explains the instant motion should not be deemed to have been filed pursuant to either § 2241 or § 2255, because it would be dismissed as untimely or successive, and he would not prevail on a motion seeking authorization from the Fourth Circuit Court of Appeals to file a successive habeas petition in this court. Instead, Perez contends he is proceeding pursuant to Rule 60(b), FED. R. CIV. P. – especially subsection (b)(6). He lists as grounds for his Rule 60(b) motion: "[n]ew interpretation of law, prosecutorial misconduct, equal protection of advisory guidelines vs. mandatory, attorney negligence, perjured testimony, plea was unknowing, PSIR was misused and abuse of discretion." Motion [DE-23] (CM/ECF docket), p. 2.

Notwithstanding Perez's stated preference, the Fourth Circuit Court of Appeals' decision in United States v. Winestock directly addresses the proper disposition of the instant motion.

> [D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to "evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application."

United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (emphasis in original) (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)). A motion, like this one, that falls into this category cannot confer subject matter jurisdiction in the district court. See Winestock, 340 F.3d at 205.

3

While Winestock cautions that there is not a fool-proof test for distinguishing a proper Rule 60(b) motion from a successive application,

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper [Rule 60(b)] motion. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

Id. at 207. The relief Perez seeks, according to his motion is,

> A. Vacate the Petitioner's sentence; B. Correct the Petitioner's sentence to time served. C. Expedite this Proceeding by Rule 60 and 3582 rulings. D. Release the Petitioner from Prison and notify the Warden and Office of Probation and Parole of the Petitioner's conditional release. E. Order supervision of no more than 5 years as compensation of extended incarceration. F. Any other act this Court may deem proper.

Motion [DE-23] (CM/ECF docket), pp. 19-20.

Perez's request for relief, notwithstanding its title and his expressed intention, plainly seeks relief from his conviction and sentence, and therefore is deemed to be a successive § 2255 motion that the court lacks jurisdiction to decide. Nevertheless, several comments may assist Perez in recalling the events underlying his incarceration.

Among Perez's allegations in the instant motion are that at sentencing, the court "sentenced [him] above and beyond the guidelines, and enhanced [him] for 'crack cocaine' offenses. No crack offenses were entered into evidence." Id. p. 5. Perez mis-recollects the events. In sentencing Perez in accordance with the law then existing, the court, after having heard all the evidence at trial and by adopting the findings contained in the Presentence Report, found Perez properly accountable within the conspiracy for

4

six kilograms of cocaine powder, eight kilograms of cocaine base, and 652 kilograms of marijuana. See, e.g., PSR ¶ 37; Judgment [DE-64], p. 6. The proper Guideline term then applicable upon conviction of a Title 21, United States Code, Section 846 drug trafficking conspiracy under the circumstances of record here was life imprisonment; the sentence was not enhanced, no upward departure was imposed, and Perez was not sentenced in excess of the statutory maximum for the offenses of conviction as he contends.

Perez is correct, however, that much of the law concerning sentencing has undergone several dramatic changes in the 20 years since he was sentenced. He is not correct, however, that he is entitled to any relief as a result of those changes. Although his case has been reviewed over the years when opportunities have arisen for retroactive reductions in sentences under carefully defined circumstances, none of those circumstances have applied to him. The case law changes on which Perez relies have not been made retroactive to cases on collateral review. E.g., United States v. Booker, 543 U.S. 220 (2005); Gall v. United States, 552 U.S. 38 (2008); Missouri v. Frye, 536 U.S. ___, 132 S. Ct. 1399 (2012); and Lafler v. Cooper, 566 U.S. at ___, 132 S. Ct. 1376 (2012).

## Summary

For the foregoing reasons, this court lacks jurisdiction to rule on Perez's most recent motion for relief from his conviction and sentence. Accordingly, his motion [DE-23] (CM/ECF docket) hereby is DISMISSED.

5

Case 7:93-cr-00026-F   Document 24   Filed 10/18/12   Page 5 of 6

SO ORDERED.

This, the 18th day of October, 2012.

                                                JAMES C. FOX
                                                Senior United States District Judge