IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:93-CR-26-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSE ANGEL PEREZ | ) | |

This cause comes before the Court *sua sponte* pursuant to its inherent authority to correct the docket. *See* Fed. R. Civ. P. 60(a); *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 266 (4th Cir. 2014).

On April 11, 1994, the Court, Fox, J. presiding,[1] sentenced defendant to a term of life imprisonment plus sixty months, to be served consecutively, after defendant was found guilty by a jury of conspiracy to traffic marijuana and cocaine in violation of 21 U.S.C. § 841 and of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On December 4, 1997, the Court, acting on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by defendant, vacated defendant's conviction and sentence on count five – using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) – in light of *Bailey v. United States*, 516 U.S. 137 (1995). [DE 89].

In the Court's December 4, 1997, order, it directed to Clerk of Court to prepare an amended judgment reflecting that defendant's conviction and sentence on count five had been vacated. *Id.* The Court also determined that resentencing was unnecessary as defendant was serving a life sentence on count one, the drug count, which the Court had recently re-determined was the

---

[1] This matter was reassigned to the undersigned on March 6, 2018.

appropriate sentence. *Id.* (citing [DE 72]). The Court then, in its summary paragraph, denied defendant's § 2255 motion and granted the government's motion to dismiss or in the alternative for summary judgment. *Id.*

As is reflected on the Court's paper docket, [DE 8], an amended judgment vacating defendant's conviction and sentence on count five was not entered by the Clerk. Accordingly, the Court DIRECTS the Clerk of Court to, as of the date of entry of this order, prepare and file an amended judgment as directed by the Court's December 4, 1997, order. The amended judgment shall further reflect that defendant's sentence on count one has been reduced to 360 months' imprisonment. *See* [DE 36]. The Court further CORRECTS its May 29, 2014, order reducing defendant's sentence on count one to reflect that defendant's conviction and sentence on count five have been vacated, and the Clerk is DIRECTED to amend the docket text accordingly.

The Court's December 4, 1997, order is currently unavailable on the docket as it predated electronic filing. The Clerk is therefore DIRECTED to file a certified copy of such order as an attachment to this order so that is publicly available. The Clerk shall serve this order and its attachment on the United States Attorney's Office, the defendant at his current address at U.S.P. Atwater in Atwater, California, *see* https://www.bop.gov/inmateloc/, and the United States Probation Office, which shall provide a copy to the Bureau of Prisons.

SO ORDERED, this 20 day of March, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2